# Gustav Richter v. Cicero & Proviso St. Ry. Co.

1. NEGLIGENCE—*Frightening Horses.*— In an action for damages, occasioned by running a street railway car against plaintiff's wagon, where the evidence shows that the car was stopped to allow a funeral procession to pass, but was started before the plaintiff's wagon had passed, and that by reason thereof his horse became frightened and backed the wagon in front of the car, it is error to instruct the jury to find for the defendant.

2. SAME—*Pleading—Particularity of Statement Required in Declaration.*—An allegation in a declaration that a motorman, seeing that a car was frightening and making unmanageable a horse attached to a wagon and traveling in close proximity to the track, did not lessen the speed and noise of the car, but negligently persisted in and continued the same, is a sufficiently specific statement of negligence.

3. PLEADING—*What is Not Denied by the General Issue.*—If, in a suit against a street railway company, a plea of the general issue only be interposed to a declaration setting up an injury, and alleging that at the time of the injury the defendant company was operating the particular line of railway mentioned, and that the operatives in charge of the car causing the injury were its servants and employes, the two latter facts need not be proved.

4. STARE DECISIS—*When Dicta Should be Followed.* — Subordinate tribunals should attach great weight to apparently deliberate utterances, though *dicta* of the Supreme Court, and should apply them to cases involving the same question.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 24, 1897.

J. HENRY KRAFT, attorney for appellant.

ALEXANDER SULLIVAN, attorney for appellee; EDWARD J. McARDLE, of counsel.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant sued the appellee to recover damages sustained by himself personally, and also for the breaking of the vehicle in which he was riding, by being run into by an

electric car alleged to be owned and operated by appellee, and at the conclusion of his evidence the court took the case from the jury by a peremptory instruction to find the appellee not guilty.

The accident happened on West Madison street, in the outskirts of Chicago, beyond the reach of pavements. The railroad in question consisted of double tracks lying, presumably, in about the middle of the roadway, on either side of which was a ditch five or six feet deep. The appellee was a farmer, and with his wagon containing four members of his family besides himself, formed one of a funeral procession of a dozen or more carriages and farmers' wagons. The procession was moving west in the north car track. The carriages were in the front of the procession, and the wagons and buggies came after them.

The electric car was coming east on the south track. As the car and the head of the procession met, the car stopped in response to motions and calls from the procession, and remained at a stand-still until the carriages forming the front part of the procession passed. It then started up, and the horses attached to the wagons and buggies became frightened and commenced to back up against those behind. The appellant's horse, although usually docile, became unmanageable and backed the wagon in which appellant and his family were riding out of the north track in which it had been running, upon and across the south track and in front of the car, and the wagon became crushed and the occupants thrown out.

The fair inference from all the evidence is that because of the ditches the wagons could not have been driven in safety to one side of the tracks.

All of the horses were frightened, but appellant's outfit was the only one that became injured.

Such facts made a clear case for the jury. C. & A. R. R. Co. v. Hogarth, 38 Ill. 372; Citizens Street Ry. Co. v. Lowe, 12 Ind. App. 47, and other cases there cited; L., N. A. & C. Ry. Co. v. Stanger, 7 Ind. App. 179.

Appellee, however, insists that there is no sufficient spe-

cific allegation of negligence contained in the declaration. The gist of the negligence charged in each of the two counts is that the motorman, seeing that the car was frightening and making the horse unmanageable, did not slacken and lessen the speed and noise of the car, but negligently persisted in and continued the same, and thereby the injury.

The authorities we have cited are ample to sustain the declaration.

It is also urged here, although it does not appear to have been raised at the trial, that there was no evidence that connected the appellee with the operation of the car in question.

If such evidence were necessary under the pleadings we should feel constrained to hold with the appellee on that point.

The declaration alleged the running and operation of the car and railway in question by the appellee, and to each of the counts, so alleged, the appellee pleaded only the general issue.

The Supreme Court, in the case of McNulta v. Lockridge, 137 Ill. 270, at pages 285–6, has spoken upon a suppositious case of pleadings like that here existing somewhat in opposition to the general rule as formerly understood in regard to what is admitted by a plea of the general issue, as follows:

" In the case last stated it would be impliedly conceded by the pleadings, not only that the Illinois Central Railroad Company was a corporation, but also that at the time of the alleged injury it was operating the particular line of railroad mentioned in the declaration, and that the operatives in charge of the train being run on said road were its servants and employes." Although such utterance was argumentative and illustrative rather than by way of decision, still the point there considered being what was admitted by a plea of the general issue alone to a declaration alleging not only the character and capacity in which the defendant was sued, but that he was in possession of and operating the alleged line of railway, and that the employes operating the

trains on the road were his servants; and considering the great weight all subordinate tribunals should attach to apparently deliberate utterances, though *dicta*, of the Supreme Court, we feel that we should make application of them to cases involving the same question.

There should in justice be another trial of the case, and the judgment of the Superior Court is therefore reversed and the cause remanded.