## Norton Brothers, a Corporation, v. Stella Sczpurak.

1. NEGLIGENCE—*Failure of Master to Keep Machinery in Repair—When Defects Will Create Liability.*—In a suit by a servant against his master for an injury said to be due to the negligence of the master, if it be shown that a machine causing the injury worked defectively and that the master knew it, it is not material what particular flaw or impediment caused the improper working of the machine. Such improper operation is in itself a defect.

2. QUESTIONS OF FACT—*Contributory Negligence and Assumption of Hazard by Servant.*—That a plaintiff suing for personal injuries was, when injured, removing a piece of work with her fingers when she might have used a stick for the purpose, and that she had worked for some time upon machines somewhat similar in operation, establish neither contributory negligence or assumed hazard upon her part, conclusively and as matters of law.

3. INSTRUCTIONS—*A Proposition of Law Need Only be Stated Once.*—After clearly informing the jury as to the law governing them on a particular question, the court is not obliged to, nor should it reiterate the same proposition of law in other instructions, coupled with different hypotheses of fact which might apply.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed August 5, 1897.

HERRICK, ALLEN, BOYESEN & MARTIN, attorneys for appellant.

LOUIS SPAHN and MARCUS KAVANAGH, attorneys for appellee.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

Appellee, a young woman employed as a press-hand, brought suit to recover for personal injuries alleged to have resulted from negligence of appellant, her employer, a manufacturing company. A verdict and judgment in her favor resulted.

The appellant was engaged in the manufacture of tinware, and used a large number of machines of somewhat

similar construction to the one upon which appellee was injured. The machine or press at which appellee was at work when injured, was a press or stamp for the purpose of stamping into the shape desired various portions of the tinware manufactured by appellant.

The stamp or die is so constructed that in order to operate or come down on the disk and object to be stamped, it has to be put in action by a treadle or lever which, by being pressed, liberates a clutch-pin, which, when so liberated, admits of the descent of the stamp; but until the stamp is so liberated by the removal of the clutch-pin through the pressure on the lever or treadle, this clutch-pin holds, or is supposed to hold, the stamp until it is again permitted to descend by the withdrawal of the clutch-pin. The stamp then makes one punch, and after each action should be again immediately locked by the automatic action of the clutch-pin, which should slip into place and hold the stamp until the next pressure of the lever. Each action of the stamp completes the work to be done by it on each particular piece of tin, and the stamp should remain suspended until the operator adjusts another piece of tin for the impress of the stamp, and applies the lever.

In some of the machines the clutch-pin is released by pressing on a treadle, and in others by pulling on a lever. The one at which appellee was hurt was of the latter description.

The evidence was conflicting. There was evidence that the machine by which appellee was injured operated defectively; that appellant had knowledge of such defective working of the machine, and, with such knowledge, directed appellee to work upon the same, without any notice or warning to her as to its condition.

A fellow-employe of appellee, Mary Murrin, testified: " I worked at it about twenty minutes; then the punch ran up and down; I had touched the lever; it ran up and down twice, when it should have only ran up and down once; I didn't touch the lever twice; I touched it once.

When it did that I told Frank Brown, the foreman, that the press was running up and down.

I saw Stella running down the aisle after she was hurt; this was the same place at which she was hurt; it was between two and three hours after I told the foreman about the condition of that machine, that I saw Stella running down the aisle."

Julia Comley, another employe of appellant, speaking of the defective working of the machine, testified: "Before Stella was hurt, I told Mr. Louis or Mr. Frank Brown. It is a long time since I was out there. I can't remember just when. They were the foremen in that room."

Appellee testified: "The assistant foreman came along and told me to run that other press. Frank Brown was the assistant foreman; he ordered the people around to work. I did not touch the lever; Frank Brown said nothing to me at all about the condition of the machine; nobody told me a word about it."

There was no evidence as to what the particular defect was, which caused the machine to operate improperly. But there was evidence that it did work improperly in this, that the stamp descended at times without the touch upon the lever which should direct its descent, as shown by the testimony of Murrin, who stated that it descended twice when the lever was touched but once.

It is urged by counsel for appellant that in order to recover, it devolved upon appellee to show affirmatively the specific defect which caused the injury, and in support thereof they cite Sack v. Dolese, 137 Ill. 129.

There can be no question as to the doctrine invoked as applied to that case. But what of its application to this case?

In the case cited, it will be found that a vital point was lack of any evidence to show that notice of any defect was chargeable upon the master. In the case under consideration, there was no such question. Here, there is direct evidence that the master was informed, through its foreman, that the machine did operate defectively. It is not material here what particular flaw or impediment caused the improper working of the machine. It is enough that

it did so improperly operate, if appellant knew of it.   Such
improper operation was, in itself, the defect.

It is very strenuously urged by counsel for appellant that
the expert evidence showed conclusively that the machine
could not have operated as indicated by the evidence for
appellee.   It is enough to say that the jury from the evi-
dence believed the theory of appellee as to what was,
rather than the theory of the experts as to what could not
have been.   Chicago, A. P. B. Co. v. Reininger, 41 Ill. App.
329.

The question of contributory negligence was, under the
facts here, a question for the jury.

It was also question for the jury whether the danger,
which resulted in injury, was, under the facts of this case
an assumed hazard.

That appellee was, when injured, removing a piece of
work with her fingers, when she might have used a stick
for the purpose, and that she had worked for some time
upon machines somewhat, though not precisely, similar in
method of operation, establish neither contributory negli-
gence on her part nor assumed hazard, conclusively and as
matters of law.   Donahue v. Drown, 27 N. E. Rep. 675.

The evidence, though conflicting, being sufficient to sus-
tain appellee's declaration and to warrant the jury in finding
that appellant knew that the machine was defective in its
operation, and that appellant, with such knowledge and
without warning to appellee, placed appellee at work upon
the same, and that appellee, without fault upon her part,
and without having assumed as an ordinary hazard of her
employment the danger to which she was thus exposed,
was thereby injured, the finding of the jury to such effect
should stand unless there be error in the proceeding of the
trial.   No such error is urged, except the refusal of the
court to give the seventh and eighth instructions offered
by appellant.   Each purports to instruct upon the question
of contributory negligence, and the eighth instruction tells
the jury that certain stated facts would constitute such
negligence.

The doctrine of contributory negligence which the jury were called upon to apply to the facts of this case, was sufficiently explained to them by the first and second instructions given for appellant.

After clearly informing the jury as to the law governing them in this regard, the court was not obliged to, nor should it, reiterate the proposition of law, in other instructions coupled with different hypotheses of fact which might apply.

The judgment is affirmed.