THE FRANKLIN PRINTING AND PUBLISHING COMPANY

*v.*

MATILDA BEHRENS.

*Opinion filed October 13, 1899.*

1. TRIAL—*variance is not a ground for instructing jury to disregard counts.* Variance or insufficiency of proof is not a proper basis of a motion for an instruction to the jury to disregard counts of the declaration under section 50 of the Practice act, (Rev. Stat. 1874, p. 781,) providing therefor when the counts are faulty.

2. SAME—*when count is not so faulty as to permit of jury's disregarding it.* In an action for personal injuries a count in the declaration, which is sufficient to sustain a verdict when rendered, is not so faulty as to authorize its withdrawal from the jury by an instruction given, under section 50 of the Practice act, although it fails to allege that the plaintiff was using due care for her safety at the precise time she was injured.

3. SAME—*when motion to exclude evidence for variance is properly overruled.* A motion to exclude the evidence in an action for personal injuries because of alleged variance is properly overruled, where each of the counts of the declaration contained different allegations of negligence, some of which allegations the evidence sustained although it varied from others.

4. SAME—*peremptory instruction must be refused if there is sufficient evidence to go to the jury and sustain a verdict.* A requested instruction to find the defendant not guilty in an action for personal injuries is properly refused when there is sufficient evidence to go to the jury under the issues and to sustain the verdict when rendered.

*Franklin Printing Co.* v. *Behrens,* 80 Ill. App. 313, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES E. FULLER, Judge, presiding.

JOHN A. POST, and O. W. DYNES, (THORNTON & CHANCELLOR, of counsel,) for appellant.

JOHN C. RICHBERG, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee recovered a judgment in the circuit court of Cook county, (which has been affirmed by the Appellate Court,) against appellant, for a personal injury received while a passenger in appellant's elevator. Appellee was employed as a stenographer by one of the occupants of appellant's building in which it operated the elevator, and entered the elevator at the sixth floor, going down, and when about to step out at the first floor through the door which the boy in charge of the elevator opened for her exit, and before she could leave the elevator, it suddenly started and went upward rapidly, and appellee was caught and crushed and severely and permanently injured.

The evidence was conflicting, but it was sufficient to sustain the finding that the injury was caused by the appellant while appellee was using due care for her own safety. We need not here consider the extent of appellee's injuries, for, while it is insisted that the damages allowed were excessive, that question received its final answer in the Appellate Court.

At the close of the plaintiff's evidence, and also at the close of all the evidence, the defendant moved the court to withdraw from the consideration of the jury each of the two counts of the declaration, because, as to the first count, it did not, it is said, allege that the plaintiff was using due care for her own safety at the precise time she

was injured, and because of a variance between the allegations and the proof; and as to the second count, because the proof did not sustain that count. This motion was properly overruled as to each of the counts. The alleged defect in the first count could not be reached by such a motion. The counts were sufficient to sustain the verdict when rendered, and even if, at the close of the evidence, the defendant had asked the court to instruct the jury to disregard such counts as faulty under section 50 of the Practice act, the instruction would necessarily have been refused. (*Consolidated Coal Co.* v. *Scheiber*, 167 Ill. 539.) The proper basis of such a motion to so instruct the jury is that the counts are faulty, and not that there is a variance or insufficiency of proof. Nor was the alleged defect in the first count sufficient to authorize such an instruction. But if we treat the motion as one to exclude the evidence because of such alleged variance, still it was properly overruled. Each of these counts contained different allegations of negligence, and while the evidence varied from some of the allegations it did not vary from, but followed, others. The counts may have been bad, on special demurrer, for duplicity, but if sufficient of the negligent acts alleged in each were proved to constitute a cause of action nothing more was necessary.

The defendant also asked the court to instruct the jury to find the defendant not guilty. This instruction was properly refused. There was sufficient evidence to go to the jury under the issues and to sustain the verdict which was rendered. The brief of counsel for appellant seems to have been framed for the Appellate Court, where controverted questions of fact may be considered.

Finding no error in the instructions, or elsewhere in the record, the judgment of the Appellate Court will be affirmed.    *Judgment affirmed.*