## Cicero & Proviso St. Ry. Co. v. Gustave Richter.

1. INSTRUCTIONS—*Must be Based upon the Evidence.*—Instructions must be predicated upon the evidence in the case.

**Action in Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed November 16, 1899.

VAN VECHTEN VEEDER and BENJ. F. RICHOLSON, attorneys for appellant.

Kraft & Rust, attorneys for appellee.

Mr. Justice Windes delivered the opinion of the court.

This case is before this court for the second time. On the first trial the court directed a verdict for the defendant, appellant here. The judgment was reversed and the cause remanded for another trial. (70 Ill. App. 196.) For a statement of the principal facts in the case we refer to the opinion of this court on the former appeal.

The declaration charges that appellant was negligent in operating its car at a rapid rate of speed, that the car made a great noise, well calculated to frighten any horse being driven upon the public highway, and that the loud noise necessarily made by operating the car scared, and made nervous and unusually hard to control, the horses being driven by plaintiff, which fact was then and there brought to the attention of and manifest to the servant of defendant so operating said car, but that said servant persisted in operating and running said car so that plaintiff's horses became frightened and the car collided with the horses and wagon driven by plaintiff, whereby he was thrown with great force and violence out of the wagon and upon the ground, and "was thereby then and there greatly bruised and wounded and divers bones of his body were then and there broken, and he became and was sick, sore, lame and disordered, and so remained for a long space of time," etc.

The court, among other instructions for appellee, gave the following:

"2. If, under the evidence and instructions of the court, the jury find the defendant guilty, then in assessing the plaintiff's damages the jury may take into consideration not only the loss, expenses and immediate damage arising from the injuries received at the time of the accident, if any, as shown by the evidence, but also the permanent loss and damage, if any is proved, arising from any disability necessarily and naturally resulting to the plaintiff from the injury in question, which renders him less capable of attending to his business than he would have done if the injury had not been received."

The court also refused the following instruction asked by appellant, to wit:

"3.    The court instructs the jury that in arriving at their verdict they are not to consider any evidence tending to show that plaintiff's mind has become impaired as a result of the accident in question."

The court, however, modified this instruction by adding to it the words, "unless the impairment, if any shown by the evidence, is the necessary and natural result of the injury charged."

The second trial resulted in a verdict of $2,100 in favor of appellee, upon which, after a remittitur of $600, the court rendered judgment for $1,500, from which this appeal is taken.

It is claimed, first, that the verdict is against the law and evidence; second, that the court erred in the admission of certain evidence, and third, that there was error in the giving, refusing and modifying by the court of certain instructions.

From a careful examination and reading of the evidence, we have reached the conclusion that the appellee has failed to establish by a preponderance of the evidence two allegations in the declaration of negligence charged, to wit, that the appellant's car was operated at a rapid rate of speed, and that the car made a great or loud noise while being operated.    The clear weight of the evidence is that the car was being operated slowly immediately preceding the collision with appellee's horses and wagon, and that it made no great or loud noise.

The only remaining allegation of the declaration on which the verdict could be sustained, is that the noise made in operating the car was such as to necessarily scare and frighten any horse, make him nervous, and unusually hard to control; that the noise did scare and frighten plaintiff's horses, which fact was brought to the attention of and made manifest to the servant of appellant.    The evidence bearing upon this allegation is conflicting, and we are not prepared, after a careful scrutiny of it, to hold that it fails to sustain.

a liability on the part of appellant in this regard. Some complaint is made that the allegation is not sufficiently specific to sustain the verdict, but we are of opinion that the appellant, having pleaded to the declaration, can not, after verdict, urge such an objection.

The second instruction for appellee above noted is, in our opinion, erroneous, when considered with reference to the evidence in the case. Among other items of damages which the instruction allows the jury to consider is that of "permanent loss and damage" to the plaintiff "arising from any disability necessarily and naturally resulting to the plaintiff from the injury in question, which renders him less capable of attending to his business than he would have been if the injury had not been received."

There is no evidence of any permanent injury to appellee. His injuries, by way of wounds or bruises, so far as they could be observed, had been fully cured at the time of the trial. There was no evidence whatever that any mental impairment or nervousness of appellee, claimed to have been the result of his injuries, were permanent in their nature or likely to prove so. This being the state of the proof, it was error for the court to have given this instruction. The words of the instruction, "permanent loss and damage," could, in our opinion, only have been construed as meaning permanent injury. If these words are susceptible of another and different construction, then the instruction was calculated to mislead the jury, and for that reason it was erroneous.

The other instruction above quoted, being the third asked by appellant, and which was refused by the court, we think was properly refused, and in this connection may be considered the ruling of the court as to the admission of the evidence, tending to show the mental impairment of appellee, that being the only evidence admitted of which complaint is made. If there was competent evidence that appellee's mind had become impaired as the result of physical injuries received by appellee from the accident in question, then the third instruction was prop-

erly refused, and it was proper to be given as modified. The evidence as to appellee's mental impairment fails to show that it was the result of physical injuries received by him from the accident.

The witness Anna Richter, for appellee, was asked, "How does your father act since the accident?" to which she answered, "He acts to me simple." Counsel for appellant asked that the answer be stricken out, because, he claimed, it was a conclusion of the witness, and was improper because there was no specific allegation in the declaration that appellee was mentally injured. The witness was also asked, "Tell us how he appears—how he acts?" to which she answered, "He sometimes don't seem to know what he is talking about;" and also, she further stated, on being told to continue her answer (an objection being interposed which interrupted her), "He don't seem to know anything. He goes to work and does one thing and then he don't know what he is doing, and goes to work and does another thing; he forgets everything he is doing." Appellant's counsel moved to strike out this evidence of the witness, which motion was overruled, and an exception preserved. We think there was no reversible error in the court's ruling. The witness simply described, in response to proper questions, how appellee appeared to her, and how his actions appeared to her after the accident. Strictly speaking, when she said, "He acts to me simple, he don't know what he is doing, he forgets everything he is doing," she no doubt stated her conclusions from what she saw him do and the manner of his doing it, which her language was insufficient to describe. Her cross-examination shows the difficulty under which the witness labored, in that she could give only one instance of his actions on which she based her answer. An ordinary witness may give an opinion, which is the same as his conclusion, as to the mental condition of another, whether his mind was clear, or he had failed mentally in a given time; also that he acted strangely or in a childish manner. Rogers on Expert Testy., 10 and 11; 2 Jones on Evid., Sec. 362.

The evidence was, in our opinion, competent, but because

it failed to show that appellee's mental impairment was the result of his physical injuries, the instruction as modified was erroneous.

The allegations of the declaration were sufficient to make this evidence proper. Franklin, etc., Co. v. Behrens, 80 Ill. App. 317, and cases there cited; affirmed by Supreme Court, 181 Ill. 340; B. & O. S. W. Ry. Co. v. Slanker, 180 Ill. 357, and cases there cited.

Other objections are made to instructions given by the court, which are covered by what is above said.

For the error in giving appellee's second instruction, and in giving appellant's third instruction as modified by the court, the judgment is reversed and the cause remanded.