**John Vance, Appellee, v. Monroe Drug Company, Appellant.**

1. MASTER AND SERVANT—*when lack of knowledge of defect in machinery not available to master.* If a defect in machinery actually exists and there is evidence tending to show that the master, through its foreman, had express notice of such defect and promised to repair the same and that subsequent to the making of such promise informed the servant that the necessary repairs had been made, it cannot avail the master to say that the defect if any existed would not have been known to him by the exercise of reasonable care and diligence.

2. APPEALS AND ERRORS—*when lack of evidence cannot be urged.* If proof of a material fact was not made because of an objection interposed by the complaining party, such lack of proof cannot be urged on review.

3. APPEALS AND ERRORS—*when assignment of error not considered.* If the abstract does not show the rulings etc. upon which the assignments of error are predicated, such assignments of error will not be considered.

4. INSTRUCTIONS—*when failure to require proof of particular allegation not erroneous.* An instruction which authorizes a verdict for the plaintiff without requiring proof by him of a particular allegation of his declaration, is not erroneous if it does demand proof of sufficient allegations of the declaration to entitle a recovery under one or more counts of such declaration.

5. INSTRUCTIONS—*when reference to affirmative and negative testimony not ground for reversal.* Held, that the giving of an instruction containing such a reference though inappropriate was not prejudical error in view of the fact that another instruction given defined the distinction between affirmative and negative testimony.

6. PERSONAL INJURIES—*propriety of exhibition of injured member.* It is proper to permit the jury to see the injured hand of the plaintiff but it is prejudicially erroneous to manipulate such hand for the purpose of determining its mobility.

7. EVIDENCE—*competency of other accidents than that in issue.* While it has been held that evidence of accidents to other persons arising from the same cause is competent not for the purpose of showing independent acts of negligence but as tending to show that the common cause of the accidents was a dangerous and unsafe thing and also as tending to show knowledge of the party charged with the duty to maintain such thing in a reasonably safe condition, such evidence is to be admitted with great caution and it must clearly appear that the cause of such accidents was precisely the same as that involved in the particular case on trial and that such accident occurred under like circumstances.

Action in case for personal injuries. Appeal from the Circuit Court of Adams county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the November term, 1908. Reversed and remanded. Opinion filed May 22, 1909.

CHARLES J. SCOFIELD and MATTHEW F. CARROTT, for appellant.

J. T. GILMER, WILSON & WALL and VANDEVENTER & WOODS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for a personal injury alleged to have been occasioned by the negligence of appellant. A trial by jury in the Circuit Court of Adams county resulted

in a verdict and judgment against appellant for $1,600.

The several counts of the declaration each allege in substance that on October 30, 1907, appellant was possessed of a circular saw which was used for sawing boards in connection with its business; that the said saw was fastened to a revolving arbor and by means of certain pulleys, shafting and belting operated by steam or electric power, was caused to revolve with rapidity; that above the said arbor was a flat surface frame four feet wide by eight feet long, having a slot in the center through which the saw projected five inches, and having a guide at the side so that a person engaged in sawing boards stood in front of the saw and holding the board against the guide and pressing the board against the saw while it revolved, thereby cut the board as desired; that on October 29, 1907, appellee, while in the employ of appellant, was directed by the foreman of appellant to cut certain boards with said saw, which said saw on account of some defect unknown to appellee, but which might have been known to appellant by the exercise of reasonable care, wabbled, jumped and jerked whereby its operation was attended with danger to the person of appellee; that appellee then and there informed the said foreman that the said saw wabbled, jumped and jerked, and on account thereof subjected appellee to danger, and then and there requested the said foreman to repair the said saw and put the same in a reasonably safe condition, and that the said foreman then and there promised appellee that he would in a reasonable time repair said saw and make the same reasonably safe and secure; that appellee relying upon the said promise of said foreman, continued in the employment of appellant a reasonable time to permit the performance of such promise, but that appellant negligently failed to perform the said promise within a reasonable time, and on October 30, 1907, without having performed said promise, negligently directed appellee to cut some

boards with the said saw, and then and there falsely, negligently and wrongfully stated to appellee that the said saw had been repaired and fixed, and was no longer dangerous; that appellee then and there relying upon the said statement of the appellant, made by and through its said foreman, and believing the same to be true and being ignorant of the fact that appellant had failed to perform the said promise, obeyed the direction of said foreman and while obeying the said direction and while working with the said saw in the customary and usual manner, and while in the exercise of ordinary care for his own safety, the said saw wabbled, jumped and jerked, and thereby caused the hand of appellee to be thrust against the said saw and greatly cut, lacerated and injured.

Appellee testified that previous to his employment by appellant on October 16, 1907, he had had some experience in working with a circular saw; that during the first eight days of his employment he was engaged in putting lids on boxes; that thereafter, McGee, the foreman of appellant, directed him to run the saw in question and that he then ran the saw a little over one hour; that when he first started to run the saw he noticed that it wabbled from side to side, and that it occasionally took sudden jerks; that when he noticed that condition he went to McGee and told him the saw was dangerous and some one was liable to get hurt, and that McGee made no reply; that he then resumed the work of putting lids on boxes, and two days later he was directed by McGee to run the saw again; that the saw then acted as it did before, wabbled and gave a sudden jerk; that he again went to McGee and told him the saw was dangerous, that it wabbled and jumped and he was liable to get his hand cut off or cut in two, and that McGee replied, "Go ahead, and I will see to it soon;" that the following day he resumed the work of putting lids on boxes and continued at that work for two days; that on the evening of the third day McGee came to him and wanted him to work

overtime, as they were rushed with work, and then told him to run the saw; that he asked McGee if the saw was all right and McGee replied, "The saw is in good condition, go ahead;" that he worked with the saw about fifteen minutes when it commenced to zigzag back and forth and gave a sudden jerk, causing the board which he was ripping, to fly up on the saw and causing his hand to be thrown against the saw; that he was then exerting his whole weight against the board to carry it through the saw, which was about two-thirds the way through the board when the saw caught the board at its back, thereby throwing it out. Appellee further testified that there were metal strips along the edges of the slot in which the saw revolved, and that occasionally when the saw wabbled, the teeth of the saw struck said strips with sufficient force to make sparks of fire; that the saw ran smoothly and properly for fifteen or twenty minutes and then suddenly wabbled and jerked and then ran smoothly again for fifteen or twenty minutes, without any apparent cause. Rudolph Hartung, who generally operated the saw during the time that appellee was directed to operate it, and who was operating it immediately prior to the time appellee was operating it when he was injured, said he had seen the saw go to one side enough to strike the metal plates on each side of the slot. Several witnesses called on behalf of appellee and who qualified as experts in the operation of circular saws, testified that it was possible for a circular saw such as the one in question to run smoothly for a time and then to wabble and jerk and then run smoothly again; that this condition might be caused by improper filing and setting of the saw, or by overheating of the saw causing it to lose its temper and become sprung.

Appellant's foreman, McGee, denied that appellee had made any complaint to him with reference to the manner in which the saw operated, or that he had told appellee in substance that he would see to it soon, or

that he had assured appellee that the saw was all right. Several witnesses called on behalf of appellant, and who qualified as experts in the operation of circular saws, after examining the saw which was offered in evidence as being the saw which appellee was operating at the time of his injury, testified that the saw showed no appearance of having lost its temper or being sprung and that it was impossible for a saw of that kind to run smoothly for a time and then wabble and jerk and then run smoothly again, unless it was improperly operated by feeding the lumber to it in an improper manner. There is no evidence in the record tending to show that the saw was improperly fastened, or that the shafting, pulleys and belts by means of which the saw was caused to revolve were not properly adjusted. The only reasonable inference to be drawn from the evidence, if the testimony of appellee and that of the witnesses called on his behalf is to be given credence, is, that the saw had some inherent defect, not ascertainable by an ordinary examination, which caused it to wabble and jerk as claimed by appellee. To one having no experience in the operation of circular saws it would appear unreasonable and almost incredible that in the absence of any derangement in its equipment and in the mechanism by which it was operated, a circular saw, if properly operated, could run smoothly for a time and then wabble and jerk and then run smoothly again. Upon consideration, however, of the conflicting evidence upon that question we are not prepared to say it is impossible for such a condition to exist, and that the jury were not warranted in finding that such condition did in fact exist in this case.

If the defect in fact existed there is evidence tending to show and the jury were not unwarranted in finding that appellant through its foreman had express notice of such defect and promised to repair the same, and that subsequent to the making of such promise to repair it informed appellee that the necessary repairs

had been made. In this state of the case it cannot avail appellant to say that the defect, if any existed, could not have been known to it by the exercise of reasonable care and diligence. Norton Bros. v. Sczpurak, 70 Ill. App. 686.

It is urged on behalf of appellant that appellee must be held to have assumed the risk, because there is no evidence in the record tending to show that appellee relied upon the promise of appellant's foreman to repair the saw, if any such promise was made. The record discloses that when counsel for appellee sought to adduce such evidence they were not permitted to do so upon an objection interposed by counsel for appellant. Appellant, therefore, is in no position to urge the lack of such proof.

At the instance of appellee the court gave to the jury the following instruction:

"The court instructs the jury that when an employer or his foreman having authority to remedy defects in machinery, is notified by the servant of the employer of defects in machinery that renders the service such servant is engaged to perform more hazardous, and such employer or foreman thereupon expressly promises to make the needed repairs, the servant may rely on such promise, and may, if he so relies on such promise, continue in the employment a reasonable time to permit the performance of such promise without being guilty of negligence in so remaining in such employment; and, if in such case, during such time, any injury results from such defects to the servant while he is in the exercise of ordinary care and caution for his own personal safety, from the negligence of his employer in manner and form as charged, the servant may recover from the employer his damages for such injury, except when the danger is so imminent that no prudent person would undertake to perform such service under such conditions."

It is urged against this instruction that it ignored a material allegation in each count of the declaration and permitted a recovery without requiring appellee to establish the truth of such allegation by the evi-

dence. Appellee, for the purpose of avoiding the defense of assumed risk, alleged in each count of his declaration two separate and distinct grounds: First, the direction to him by appellant to operate the saw, his complaint to appellant of the defect in the saw and the danger to be apprehended from such defect, the promise of appellant to repair the saw within a reasonable time and the reliance by appellee upon such promise of appellant; and second, the failure of appellant to perform such promise, the direction by appellant to operate the saw coupled with the false statement by appellant that the saw had been repaired and was no longer dangerous, and the reliance by appellee upon the truth of such statement. These allegations in the declaration in question are so closely allied to allegations setting forth in one count of a declaration two separate and distinct grounds of negligence upon which a recovery is sought, as to be governed by the same rule regarding the duty of the plaintiff with reference to establishing the truth of such allegations by a preponderance of the evidence. In Franklin Printing & Pub. Co. v. Behrens, 181 Ill. 340, it was held, that notwithstanding each of the counts of the declaration contained different allegations of negligence and the counts might have been bad on special demurrer for duplicity, if sufficient of the negligent acts alleged in each count were proved to constitute a cause of action, nothing more was necessary. The same rule is announced in substance in Weber Wagon Co. v. Kehl, 139 Ill. 644, and in N. Y. C. & St. L. R. R. Co. v. Blumenthal, 160 Ill. 40. So in this case we think if either one of the grounds alleged in the declaration in avoidance of the defense of assumed risk was established by the evidence it was sufficient, and that it was not incumbent upon appellee to prove both grounds as alleged. The instruction might better have been refused because it states a mere abstract proposition of law, but it is not subject to the objection urged. As applied to one of the grounds alleged in the declaration in

avoidance of the defense of assumed risk the instruction is substantially an accurate statement of the law. Taylor v. Felsing, 164 Ill. 331.

The sixth instruction given at the instance of appellee in its reference to affirmative and negative testimony was not applicable to the testimony of any witness in the case, and in the absence of any instruction defining the distinction between affirmative and negative testimony, the instruction was calculated to mislead the jury. We do not, however, regard the giving of this instruction as reversible error. The court did not err in refusing to give to the jury the twenty-fourth instruction tendered by appellant.

There was no impropriety in permitting the jury to look at appellee's injured hand, but it was highly improper for the jurors to manipulate the hand for the purpose of determining its mobility, and for appellee at the request of one of the jurors to grasp the wrist of the juror with his injured hand, which was obviously done for the purpose of enabling the juror to observe the degree of mobility of the injured hand and the amount of strength which appellee was able to exert. In a case as close upon the facts, as to the liability of a defendant to respond in damages, as is the case at bar, and in view of the grave doubts arising from the evidence with reference to the extent and permanency of the injury, we think the conduct of the trial in the respect mentioned was harmful and prejudicial to appellant and demands a reversal of judgment. Appellee was thereby given an opportunity to simulate an injury which may not in fact have existed to the extent claimed.

A careful consideration of the evidence bearing upon the question of the extent of the injury to appellee impels us to the conclusion that the damages are excessive.

Appellee assigns cross-errors upon the refusal of the court to permit the witnesses Rudolph Hartung and Edward Nolan to state whether or not they were

hurt with the saw when working upon it. Neither the abstract of the record filed by appellant nor the additional abstract furnished by appellee shows that any questions were asked said witnesses upon that subject nor the ruling of the court thereon nor that appellee objected and excepted to such ruling; and the assignment of such cross-errors is not properly presented for review. For the same reasons the cross-errors assigned upon the alleged refusal of the court to permit the witness, Harry Cooper, to testify whether or not the saw wabbled and jerked when he operated it, and upon the alleged refusal of the court to permit the witness McGee to answer a certain question upon his cross-examination, cannot be considered by us. While it has been held that evidence of accidents to other persons arising from the same cause is competent, not for the purpose of showing independent acts of negligence, but as tending to show that the common cause of the accidents was a dangerous and unsafe thing, and also as tendng to show knowledge of the party charged with the duty to maintain such thing in a reasonably safe condition (City of Bloomington v. Legg, 151 Ill. 9; Fraser v. Schroeder, 163 Ill. 459; City of Taylorville v. Stafford, 196 Ill. 288; City of Chicago v. Jarvis, 226 Ill. 614), such evidence is to be admitted with great caution, and it must clearly appear that the cause of such accidents was precisely the same as that involved in the particular case on trial, and that such accident occurred under like circumstances.

The judgment of the Circuit Court is reversed and the cause remanded for another trial.

*Reversed and remanded.*