ELIHU H. HENRY *et al.*

*v.*

THE CENTRALIA AND CHESTER RAILROAD COMPANY.

*Filed at Mt. Vernon June 20, 1887.*

1. EMINENT DOMAIN—*of the pleadings—and trial of issues of fact.* There being no rule of law or practice authorizing the filing of any kind of answer or plea to a petition for the condemnation of land, there is no error in compelling the land owner to proceed with the trial without disposing of a. plea of *nul tiel* corporation filed.

2. SAME—*corporate existence of petitioner—and of evidence to the jury on that subject.* In a proceeding under the statute, to assess the land owner's. compensation for land taken for a right of way and damages to lands not taken, it is not necessary to show that the capital stock of the railway company, plaintiff, has all been subscribed,—or, in other words, to show it is a, corporation *de jure.* It is sufficient in this proceeding to show a corporation *de facto.*

3. Evidence showing the petitioner is a *de facto* corporation, should not go to the jury called to estimate the compensation and damages; but if it is. sufficient to satisfy the court of the petitioner's right to proceed, the error in suffering it to go to the jury is so small and harmless as not to require a reversal.

4. PRACTICE—*remarks of counsel to jury.* Where the language of counsel tends to excite passion and prejudice to a degree that will probably cloud the judgment, and therefore improperly affect the verdict, the court should.

promptly check and rebuke him; and for a failure in this respect, a verdict in favor of the party whose counsel thus abuses his position should be set aside. But it must not be assumed that every mis-statement of law or fact will have the effect of exciting improper prejudice in the jury.

APPEAL from the County Court of Washington county; the Hon. GEORGE VERNER, Judge, presiding.

Messrs. WATTS & MOORE, for the appellants:

Some proof of corporate existence is required, but should be made to the court, and not to the jury. *Ward* v. *Railway Co.* 119 Ill. 287; *McAuley* v. *Railway Co.* 83 id. 348; *Allman* v. *Railroad Co.* 88 id. 521.

The court erred in permitting improper remarks of counsel in his closing argument to the jury. *Hennis* v. *Vogel,* 87 Ill. 244.

There is a clear line of demarkation between matters which pertain to the case on trial, and matters which are wholly extrinsic; and where counsel have attempted to make a case, in their argument to the jury, which the law would not allow them to make in their tenders of evidence, such conduct, if objected to at the time, and allowed to pass unrebuked, is ground for a new trial. *Miller* v. *Dunlap,* 22 Mo. App. 97; *Marble* v. *Walters,* 19 id. 134; *Roeder* v. *Studt,* 12 id. 566; *Brown* v. *Railroad Co.* 66 id. 588; *State* v. *Lee,* id. 165; *State* v. *Barnham,* 82 id. 67. See the following cases bearing on subject: *School House* v. *Shaw,* 100 Ind. 268; *Rudolph* v. *Landwerlen,* 92 id. 34; *Paper Co.* v. *Banks,* 15 Neb. 22; *Hall* v. *Woolf,* 61 Iowa, 569; *Railroad Co.* v. *Bragonier,* 13 Bradw. 467; *Scripp* v. *Riley,* 35 Mich. 371.

All of the following cases lay stress upon the duty of the trial judge to interpose in such cases, whether requested to do so or not: *Forsythe* v. *Cothran,* 61 Ga. 278; *Bullock* v. *Smith,* 15 id. 395; *Doster* v. *Brown,* 25 id. 24; *Bankard* v. *Railroad Co.* 34 Md. 197; *Saunders* v. *Baxter,* 6 Heisk. 369; *Bell* v. *People,* 14 Ill. 432; *Jenkyns* v. *Ore Co.* 65 N. C. 563; *Devries* v. *Haywood,* 63 id. 53.

The failure of the court to rebuke the counsel must produce the impression on the jury that the sanction of the court is given to the statements objected to. *Ritter* v. *First Nat. Bank*, 87 Mo. 574; *State* v. *Rothschild*, 68 id. 52; *State* v. *Lee*, 66 id. 165.

It was held, in a civil case, that the wrong done to the opposite party by such a course, in argument, is not cured by the counsel saying, when objected to, that he will take it back. *Baker* v. *Madison*, 62 Wis. 137; *Woolfe* v. *Minnis*, 74 Ala. 386.

In all the following cases the courts have granted new trials for such misconduct: *Rolfe* v. *Rumford*, 66 Me. 564; *Life Ins. Co.* v. *Cheever*, 36 Ohio, 201; *Rickalens* v. *Gat*, 51 Mich. 227; *Martin* v. *Orndorff*, 22 Iowa, 404.

Mr. W. S. Forman, and Mr. Daniel Hay, for the appellee:

The trial court committed no error in its ruling on plea of *nul tiel* corporation. No pleadings are necessary in such cases. *Smith* v. *Railroad Co.* 105 Ill. 511.

The remarks made by the attorney for petitioner, assigned as error under the above head, are not of such grave import as to justify a reversal of this case. They were supported by the evidence, and are proper to be in an argument. The only substantial reason that can be urged, in such cases, for reversal is, that the damages are not sufficient.

Mr. Justice Scholfield delivered the opinion of the Court:

This is an appeal from a judgment in a condemnation proceeding. The appellee filed a petition to condemn land for right of way for its railroad, and the land owner thereupon filed a cross-petition for the assessment of damages to lands not taken for right of way. A verdict was returned by the jury, assessing the compensation for land taken, and damages to land not taken, at $650. The court, after overruling

:a motion for a new trial, rendered judgment upon this verdict, and the case comes to this court by the appeal of the land ·owner. Several grounds are urged for a reversal of the judg·ment.

*First*—It is contended that the court erred in compelling :appellant to proceed with the trial before disposing of the plea ·of *nul tiel* corporation. But since we have held there is no rule of law or practice authorizing the filing of any kind of .an answer to a petition for condemnation of land under the .Eminent Domain act, (*Smith et al.* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 511,) it is impossible that this ·objection can be well taken.

*Second*—It is next contended that the court erred in admitting improper evidence. This refers to certified copies of :articles of incorporation of the petitioner, and evidence of ·user thereunder; and the objection is, first, that the articles ·ought not to have been admitted at all, because there was not :also proof accompanying, that the full amount of stock pro·vided for had been subscribed; and second, that in no event should the proof have gone to the jury. The first objection is predicated upon *Allman* v. *Havana, Rantoul and Eastern Railroad Co.* 88 Ill. 521, in which it was held, that until proof of the whole amount of stock provided for is subscribed, there can be no recovery upon a subscription for stock. That decision is upon the principle that the legal existence of the corporation is the consideration of the subscription, and, therefore, until it is proved, the contract is without consideration, and can not be enforced. There must, in such cases, not only be proof of a corporation *de facto*, but, likewise, of a corporation *de jure*. Where the direct effect of the proceeding is to divest title in favor of a party claiming to be a corporation, the same rule also applies. (See *Hudson* v. *Green Hill Seminary Corporation*, 113 Ill. 618.) But this is regarded, not as a proceeding to determine titles, but merely to assess compensation and damages; and because of the peculiar language of

our statute, we have held that it is sufficient, in this proceeding, to show a corporation *de facto.* (*Ward* v. *Minnesota and Northwestern Railroad Co.* 119 Ill. 287.)   The evidence introduced was clearly sufficient for that purpose.   It is true, this evidence should not have gone to the jury; but since it was sufficient to satisfy the court of the petitioner's corporate existence, what harm can it have done?   We can perceive none.

*Third*—The last objection is, that the counsel for the railroad company was permitted to make improper remarks to the jury, over appellants' objections.   The most objectionable remarks are these: "This railroad will benefit the public and each of us, if built.   If you fix these damages too high, the company will not pay them, and the road will not be built. We will never get railroads if they have to pay such damages for right of way."   Where the language of counsel tends to excite passion and prejudice to a degree that will probably cloud the judgment, and therefore improperly affect the verdict to be rendered, it should be promptly checked by the court at the time, and the counsel rebuked, and for a failure in this regard, a verdict on behalf of the party whose counsel thus abuses his position, should be set aside.   But it is not to be assumed that every mis-statement of law or of fact will have the effect of exciting improper prejudices.   The instructions of the court and the good sense of a competent jury are a sufficient protection against ordinary errors of statement, and false arguments of counsel.   We find nothing in this record to induce us to believe (the jury having been correctly instructed as to the law,) that they were excited by these remarks to act in a way they would not otherwise have acted.

The judgment is affirmed.

*Judgment affirmed.*