## Chicago City Ry. Co. v. Margaret Keenan.

85   367
85   277
85    367
d206s¹277
85    367
110   ²222

1. INSTRUCTIONS—*As to Number and Intelligence of Witnesses.*— The giving of an instruction that the jury are at liberty to decide that the preponderance of evidence is on the side which, in their judgment, is sustained by the more intelligent, the better informed, the more credible and the more disinterested witnesses, whether these are the greater or the smaller number, is substantial error, and consists in a virtual declaration by the court that the preponderance of evidence lies

on the side on which the most intelligent and best informed witnesses have testified.

2. JURIES—*Their Province to Weigh all the Evidence and Determine for Themselves Where it Preponderates.*—It is the peculiar province of juryies to properly weigh all the evidence and determine for themselves where it preponderates.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed October 27, 1899.

WILLIAM J. HYNES and SAMUEL S. PAGE, attorneys for appellant.

SULLIVAN & McARDLE, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This is an appeal from a judgment recovered for injuries to the person of appellee through the alleged negligence of appellant.

A large number of witnesses testified at the trial, of whom about twice as many testified for the appellant as for appellee.

Presumably, for the purpose of obviating the possible effect of such preponderance in numbers against her, appellee's counsel offered the following instruction, which was given:

" The jury are instructed that the fact that the number of witnesses testifying on one side is larger than the number testifying on the other side, does not necessarily alone determine that the preponderance of evidence is on the side for which the larger number testified. In order to determine that question the jury must be governed by and take into consideration the appearance and conduct of the witnesses while testifying; the apparent truthfulness of their testimony, or the lack of it; their apparent intelligence, or the lack of it; their opportunity of knowing or seeing the facts or subjects concerning which they have testified, or the absence of such opportunity; their interest or their absence of interest in the result of the case; and from all these facts, as shown by the evidence, and from the

other facts and circumstances as shown, the jury must decide on which side is the preponderance. After fairly and impartially considering and weighing all the evidence in this case, as herein suggested, the jury are at liberty to decide that the preponderance of evidence is on the side which, in their judgment, is sustained by the more intelligent, the better informed, the more credible and the more disinterested witnesses, whether these are the greater or the smaller number."

Similar instructions were condemned in Eastman v. West Chicago St. R. R. Co., 79 Ill. App. 585, and Barron v. Burke, 82 Ill. App. 116, where the giving of them was held to be substantial error.

The chief vice of the instruction, in our opinion, consists in a virtual declaration by the court to the jury that the preponderance of evidence lies on the side on which the most intelligent and best informed witnesses have testified.

The law does not, as a general proposition, graduate intelligence and information into degrees, and it was a clear invasion of the province of the jury to instruct them where the weight of evidence was to be found in a case where the evidence was voluminous and in sharp conflict. It is the peculiar province of the jury to properly weigh all the evidence and determine for themselves where it preponderates. Reversed and remanded.