West Chicago St. R. R. Co. v. John M. Kean.

|104|147|
|---|---|
|j110|297|

1. PRACTICE—*Misconduct of Counsel for Successful Party in Doubtful Case.*—In doubtful cases the court will not hesitate to reverse if counsel for the successful party has misconducted himself by saying or doing anything tending to confuse or to mislead the jury.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed November 13, 1902.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant. W. W. GURLEY, of counsel.

JOHN F. WATERS and JOHNSON & PEGLER, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This is an action for personal injuries, in which the verdict and judgment were for the plaintiff.

An examination of the record shows that upon the merits the case is a close one. It should, therefore, have been tried without the saying or doing of anything by counsel for either party tending to confuse or to mislead the jury. In doubtful cases the court will not hesitate to reverse if counsel for the successful party has thus misconducted himself.

In argument a lawyer ought not to assert what he would believe or disbelieve outside of the evidence; nor will he unjustly berate or asperse an adversary witness.

The manner of calling the attention of the court to the fact, if it was a fact, that one of the medical witnesses for the defense had aided the attorney for appellant by giving the latter the benefit of his professional learning during the progress of the trial, was improper. Counsel should know, and must be held to know, that this fact did not render the doctor incompetent as a witness, and he must surely know that the order excluding witnesses is not inter-

preted to include expert witnesses, unless it expressly so states.

It is also true that the remark of counsel to the same witness—" I am sorry to keep you out of them " (referring to two suits then pending for trial, in which appellant was a defendant), " when we get through you can go out"—was not a question, was disrespectful to the witness, and detrimental to the fair and just administration of the law.

Counsel are entitled to great latitude in commenting upon the evidence, but when the attorney of appellee said to the jury in argument, concerning a medical witness called by the appellant—" When he came in here, you know, with ' I am a graduate of the University of Physicians and Surgeons, Toronto, Canada, and I am a graduate of the Royal College of Physicians and Surgeons, London, England,' didn't you feel small ? Why, I felt like a blighted withered thing when I heard that first, when I heard all of that after that man's name. I felt like very small potatoes and few of them in a hill. But when I learned the business of the man, I learned to loath and detest him, as you would if you knew him, and I don't care what he swore to. Anything he would swear to under any oath that would be administered to him in any temple of justice, or anywhere else, would not arouse in my mind the slightest suspicion of its truth unless it was corroborated by other and credible witnesses,"—he passed the bounds of propriety. It is true that the learned trial judge declared this statement to be improper, and thereupon counsel for appellee asked that the remark be stricken out. But the harm had been done. Beyond peradventure such a statement tended to lead the jury away from the competent evidence in the case, and was likely to influence them to find a verdict based upon prejudice or upon passion, or upon matters foreign to the issues then being tried. The action of the court did not wholly nullify the effect of such misconduct.

In our opinion the manner in which counsel for appellee tried his case tended to produce unfair results. How far it was potent, we can not say. Of this, however, we are sure :

it is better that appellee be put to the trouble and expense of a new trial than that this court should appear to countenance and commend such violations of legal ethics.

The brief of counsel comments improperly upon one witness. The heat that sometimes characterizes trials should not appear in this court. It is bad form and it does not aid us in our efforts to reach a right conclusion.

The judgment of the Circuit Court will be reversed and the cause remanded.

Mr. Justice Adams.—I concur in the judgment reversing and remanding the cause, for reasons stated in the foregoing opinion, and also for other reasons touching the merits, which, in view of the probability of another trial, I deem it inexpedient to now state.

