## Chicago Union Traction Company v. John Jerka.

### Gen. No. 12,372.

1. GENERAL ISSUE—*what does not put in issue.* The general issue does not put in issue the question as to the ownership of the tracks and the ownership and operation of the train running upon the tracks where such question arises in an action on the case for personal injuries.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinion filed April 24, 1906.

**Statement by the Court.** This was an action by appellee to recover for personal injuries. The declaration consists of one count and alleges that the defendant owned and operated a street railway on Elston avenue, Chicago, and that it "so carelessly, negligently and improperly drove, operated and managed" an electric car and trailer run and operated on its street railway tracks on said Elston avenue, that the trailer "jumped off the said track upon and against" a wagon upon which plaintiff was riding, causing him to be thrown off and injured. Defendant pleaded only the general issue. A jury returned a verdict finding defendant guilty and assessing plaintiff's damages at the sum of $5,000. Plaintiff remitted $1,500, and judgment was rendered for $3,500, from which defendant appeals.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

DOUTHART & BRENDECKE, for appellee.

Mr. Justice Freeman delivered the opinion of the court.

According to appellant's attorneys, "the principal question in the case is whether these tracks and this train were owned and operated by the defendant Chicago Union Traction Company. * * * The defense was that they were owned and operated by the Chicago Consolidated Traction Company, and not by defendant;" and it is said that appellee assumed the burden of proving the allegations of his declaration in this respect.

Although the pleadings fail to raise that issue, appellee's attorneys nevertheless subpœnæd the secretary and treasurer of the Chicago Consolidated Traction Company to bring in a certain operating agreement between the Union Traction Company and the Consolidated Traction Company and also had other corporate officers produce a trust agreement between the Chicago Union Traction Company and the Equitable Trust Company of Chicago, as trustee, together with a trust deed from the Consolidated Company to the Equitable Trust Company. There was evidence also tending to show that certain of the offices of the two traction companies were held by the same persons, that the Union Traction Company owned and controlled the property and stock of the Consolidated Traction Company, and was at the time of the injury owning and operating the Elston avenue line; that Union Traction Company cars were run on Elston avenue tracks, and that the money collected for fares by the Consolidated Company is gathered up each day by an employee of the Union Traction Company. We need not review this evidence at length. It has been said (C. & E. I. R. R. Co. v. Schmitz, 211 Ill. 446-453) that in a case of this kind where, as here, the plea of not guilty was filed, "in an action against a railroad company for personal injuries, where the declaration alleges that the defendant company was in possession of the road and operating it, it will be impliedly conceded by the pleadings not only that the defendant company was a corporation, but also that at the time of the alleged injury it was operating the particular line of railroad mentioned in the dec-

Chicago Union Traction Co. v. Jerka.

laration and that the operators in charge of the train being run on said road were its servants and employees." In Pennsylvania Co. v. Chapman, 220 Ill. 417–431, it is again held, citing McNulta v. Lockridge, 137 Ill. 270, that the general issue alone does not put in issue either the character in which the plaintiff sues or the character or capacity in which the defendant is sued; and that by filing only the general issue appellant "impliedly conceded that at the time of the alleged injury it was operating the particular line of road mentioned in the declaration and that the operators in charge of the trains were its servants and employees." In the case at bar, as in that case, evidence was offered as to the operation of the road at the time of the injury complained of, independently of the question of pleading. It is contended by appellant that the documents introduced in evidence which appear to have been under consideration in Union Traction Company v. City of Chicago, 199 Ill. 579, gave the Union Traction Company no right to run its trains on Elston avenue. In that case, however (p. 647), it was expressly held that "the Chicago Consolidated Traction Company is merely a part of the Chicago Union Traction Company, and owned and operated by the latter company." In view of that holding and the state of the pleadings we deem it unnecessary to consider the precise effect of the documentary and other evidence introduced. It may be said, however, that under all the evidence the Consolidated Company may, we think, fairly be deemed to have acted merely as the agent of appellant in so far as it was operating the Elston avenue line. Buie v. Chicago, R. I. & P. R. Co., 55 L. R. A. 861–863. As said in Penn. Co. v. Chapman, *supra:* "There was evidence fairly tending to support the verdict, and for this further reason there was no error in the refusal of the court to instruct the jury to find for the defendant on the ground that the wrong company had been sued."

We are of opinion that the damages are not excessive, and finding no material error in the record the judgment of the Superior Court will be affirmed.

*Affirmed.*