## Chicago Union Traction Company v. Joseph Wirkus.

### Gen. No. 12,803.

1.  CONDUCT OF COUNSEL—*when improper*.   The action of counsel in making side remarks in the presence of the jury and using language in argument and otherwise tending to arouse the prejudice of the jury against the opposing party, is improper.

2.  GENERAL ISSUE—*what admitted by plea of*.   In an action on the case for personal injuries the plea of the general issue admits that at the time of the alleged injury the defendant corporation was operating the particular line of railroad mentioned in the declaration and that the operatives in charge of the train being run upon such road at such time were its servants and employes.

3.  INSTRUCTIONS—*as to credibility of witness held erroneous*.   An instruction is erroneous which tells the jury, among other things, that they are "at liberty to decide that the preponderance of the evidence is on the side which in their judgment is sustained by the more intelligent, the better informed, the more credible and the more disinterested witnesses, whether these are the greater or the smaller number."

Action in case for personal injuries.   Appeal from the Circuit Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded.   Opinion filed February 19, 1907.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

EDWARD MAHER, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action by appellee to recover for personal injuries.   The jury found appellant guilty and assessed damages at $2,500, for which sum judgment was entered.

The plaintiff's claim was that as he was attempting to alight from one of the defendant's street cars, the signal to stop having been given, and as he was in the act of getting off, the conductor rang the bell twice, thus giving the starting signal, and that the car at

once jerked ahead, throwing the plaintiff off, inflict-
ing injuries for which recovery is sought. The de-
fendant contends that plaintiff undertook to get off
while the car was still in motion, and before it reached
the stopping place.

It is urged in behalf of defendant (a) that the ver-
dict is against the weight of the evidence, (b) that
plaintiff's attorney indulged in remarks outside the
evidence which were calculated to prejudice the jury,
(c) that the court erred in refusing to admit evidence
under the general issue to show that the defendant did
not own and operate the street railway and car in
question, and (d) that the court erred in giving and
refusing instructions requested by the respective par-
ties.

As to the contention that the verdict is clearly
against the weight of the evidence, the most that can
be said, we think, is that there is room for serious
doubt upon the material issues involved. It is urged in
defendant's behalf that one of plaintiff's witnesses was
a "loafer," who showed impatience and objected to
certain questions put to him on cross-examination;
that there is evidence tending to show plaintiff was
drunk at the time of the accident, that the injuries
complained of were not caused by the accident here
in question, but were the result of a former accident
in which the plaintiff was hurt at his place of employ-
ment, for which injuries he received and accepted
payment from his employer of $500 in settlement of
all claims for damages. On the other hand there is
evidence tending to sustain plaintiff's contention as
to the cause and manner of the accident now in con-
troversy and tending to support his claim that he was
not intoxicated but ill at the time. We have carefully
considered the whole evidence. Such examination has
convinced us that the case is one which should have
been presented to the jury in a manner which would
command their close attention to the evidence free
from occurrences in the manner of the trial having a

tendency to distract their attention from the issues of fact on the one hand and free from error in the instructions as to the law applicable on the other.

Upon the second of the contentions, that as to prejudicial conduct on the part of the plaintiff's attorney during the trial, the record presents considerable confirmatory evidence. There were many things said and done by plaintiff's attorney which were, so far as we can discover, uncalled for, improper, discourteous to court and counsel, apparently intended to influence and prejudice the jury and which in our judgment deserved the peremptory disapproval and interference of the trial court. The court did sustain objections to these things, but merely sustaining objections to such methods is of little avail where their continuance is permitted throughout the trial. It is unnecessary to particularize at length. There were constant interjections during the trial without sufficient excuse of remarks to the effect that the opposing counsel were employing unfair, tricky methods of assertions where perfectly proper objection was made, such as "I am not going to let him go on with that kind of rot," "the way he treated a poor ignorant foreigner here on the stand in an outrageous manner," "I think this is the unfairest way of trying a lawsuit I ever saw," "Well I am going to say 'Huh' louder, I think it is an outrage the way you are doing." (This, when an objection was made to a question as not proper cross-examination, as to which the court said the defendant's counsel "had a right to object.") When the court sustained an objection to a remark and said "the jurors are to disregard your remarks," the reply was "That was as gentle and polite a retort as the gentleman said with reference to the conductor's remark. I don't see how anybody this side of St. Peter's gate can except to it," etc., etc. The record abounds in utterances having no proper place in a court of justice. The question is a serious one whether improper meth-

ods of trying a case should not be treated as sufficient ground in themselves for setting aside a judgment and granting a new trial. It is true, we think, that there were captious objections by opposing counsel, and neither side is perhaps wholly free from blame. The duty of courts under circumstances not unlike those this record discloses is stated in W. C. St. R. R. Co. v. Annis, 165 Ill. 475-478; E. J. & E. R. R. Co. v. Fletcher, 128 Ill. 619-627; Henry v. C. & C. R. R. Co., 121 Ill. 264; Chi. U. T. Co. v. Lauth, 216 Ill. 176-183-184; Wabash R. R. Co. v. Billings, 212 Ill. 37-41; W. C. St. R. R. Co. v. Kean, 104 Ill. App. 147, and other cases. In the Annis case, *supra,* it was said: "Trial courts should not hestitate to use their authority to restrain all efforts of attorneys to obtain verdicts by using unfair means," and that "Whenever such restraining influences do not effect the purpose, the fruits of such unprofessional conduct ought to be taken away by granting a new trial."

The claim is made that error was committed at the trial in admitting evidence intended to show that the defendant was the actual owner, operating and controlling the street railway line on Elston Avenue where the accident in controversy occurred and excluding evidence to the contrary. The claim of the defendant is that said line was not owned, and that the cars thereon were not operated by the defendant, but by the Chicago Consolidated Traction Company. The declaration charged that the defendant owned, operated and controlled the line in question. The defendant pleaded the general issue. The trial court held that the plea admitted the defendant's ownership. It therefore struck out evidence introduced by defendant in denial thereof and refused to permit the introduction of some additional evidence offered in that behalf. It is urged that this was reversible error. Defendant's counsel have elaborately argued the question. There has been some hesitation in the Appel-

late Courts in following what we understood to have been the view of the Supreme Court expressed in Mc-Nulta v. Lockridge, 137 Ill. 270-285-6, where it is said, with reference to pleadings like those in the case at bar: "In the case last stated it would be impliedly conceded by the pleadings not only that the Illinois Central Railroad Company was a corporation, but also that at the time of the alleged injury it was operating the particular line of railroad mentioned in the declaration and that the operatives in charge of the train being run on said road were its servants and employes." The general rule at common law has been understood to be that in an action on the case under the plea of not guilty or the general issue, plaintiff may be required to prove the whole charge contained in his declaration and defendant may give in evidence any justification or excuse tending to show that in equity and good conscience the plaintiff ought not to recover. In C., H. & D. R. R. Co. v. Goodson, 101 Ill. App. 123, the court adhered to the old rule in an elaborate opinion in which the McNulta cases are considered not to warrant the view that such rule was not to be longer adhered to in this state and the later English rule followed, which it was said in City of Champaign v. McMurray, 76 Ill. 353, has never been adopted by statute in this state. This court, however, is committed to the view that a deliberate utterance of the Supreme Court should conclude us upon such question. Richter v. C. & P. St. Ry. Co., 70 Ill. App. 196-198. We have, therefore, followed what we understand to be the holding of·that court expressed in the Mc-Nulta and subsequent cases as in C. & E. I. R. R. Co. v. Schmitz, 211 Ill. 446-458; Penn. Co. v. Chapman, 220 Ill. 428-431. In Chicago Union Traction Company v. Jerka, 126 Ill. App. 365, we considered the question now raised, the controversy involving an accident upon the same street railway line as in the case at bar. In that case reference was made to the holding of the Supreme Court in Union Traction Co. v. City of Chicago,

199 Ill. 579, on page 647, that "the Chicago Consolidated Traction Company is merely a part of the Chicago Union Traction Company and owned and operated by the latter Company," and it was said that "in view of that holding and the state of the pleadings, we deem it unnecessary to consider the precise effect of the documentary and other evidence introduced." We see no reason to change the views there expressed.

It is urged that the jury were erroneously instructed. The first instruction given at request of the plaintiff was nearly a verbatim copy of an instruction found in Chicago City Railway Company v. Keenan, 85 Ill. App. 367-368, which has been regarded as containing substantial error. It told the jury, *inter alia*, they were "at liberty to decide that the preponderance of evidence is on the side which in their judgment is sustained by the more intelligent, the better informed, the more credible and the more disinterested witnesses, whether these are the greater or the smaller number." Such instruction invades the province of the jury, whose duty it is to properly weigh all the evidence and determine for themselves where the preponderance lies. The most intelligent and best informed witnesses are not necessarily the most honest, truthful or reliable. In the case at bar some of the testimony on both sides would have to be practically disregarded if the jury followed this instruction.

For the reasons indicated the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*