## Rachael Goldstein, Administratrix, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 23,266.

1. PLEADING, § 284*—*when within discretion of court to over-rule motion to file additional pleas.* Where a motion to file additional pleas is not made until long after the time for filing pleas has expired, and no showing is made or attempted to be made why the additional pleas were not filed long before, it is discretionary with the court whether leave will be granted to file such pleas, with the exercise of which discretion the reviewing court will not interfere.

2. STREET RAILROADS, § 131*—*when negligence in striking boy at street crossing and lack of contributory negligence shown.* In an action against a street railroad company to recover for the wrongful death of a boy who was killed by a northbound car near the middle of a street intersection while a car was passing on the southbound track, where it appeared that there was a large crowd of boys in the street south of the street intersection; that deceased was traveling at a "dog trot" in a northwesterly direction when he perceived his peril, but was unable to step back in time to avoid injury, and the evidence was conflicting as to whether the speed of the car was excessive, as to the sounding of the gong, as to the number of boys in the street and as to the distance the car was from the boy when he reached the track, evidence *held* to sustain findings that defendant was negligent and decedent was not guilty of contributory negligence.

3. WITNESSES, § 279*—*when admission of evidence of testimony of reporter from notes to impeach improper.* The admission in evidence of the testimony of a shorthand reporter from his notes taken at a coroner's inquest of the testimony of certain witnesses at the inquest, for the purposes of impeachment of witnesses who testified at the inquest and at the trial of an action to recover damages for the death of the deceased, *held* to be erroneous, but not reversible error.

4. INSTRUCTIONS, § 88*—*when instruction on determination of preponderance of evidence not erroneous.* An instruction that in determining the question of the preponderance of the evidence the jury should take into consideration, among other things, the interest or lack of interest of the witnesses in the result of the suit was not erroneous for the reason that no witnesses having an interest testified on behalf of one of the parties.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. STREET RAILROADS, § 144*—*when instruction limiting time for exercise of due care not erroneous.* In an action against a street railroad company for the negligent death of a child at a crossing, an instruction *held* not erroneous in limiting the time in which deceased was required to exercise due care for his own safety to the time and place he received his injuries.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed March 13, 1918.

BUSBY, WEBER & MILLER, JOHN E. KEHOE and ARTHUR J. DONOVAN, for appellant; JOHN R. GUILLIAMS, of counsel.

FRANK P. SADLER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Rachael Goldstein, as administratrix of the estate of Alexander Goldstein, her deceased son, brought suit under chapter 70, Rev. St. (J. & A. ¶ 6185), against the Chicago City Railway Company to recover damages for the wrongful death of the deceased. The jury returned a verdict in favor of plaintiff for $3,750, upon which judgment was entered, to reverse which defendant prosecutes this appeal.

The record discloses that this case has been tried three times. The first trial before Judge Cooper resulted in a verdict in favor of plaintiff for $2,000, and a new trial was granted. On the second trial, before Judge Brentano, the verdict was in favor of the defendant, and a new trial was again granted. The third trial resulted in the judgment now sought to be reversed by this appeal. Alexander Goldstein, the deceased, was injured on October 17, 1907, by being run over by one of defendant's cars and died the day following. Plaintiff began suit October 26, 1908, the

summons being returnable to the January term, 1909. No summons appears to have been issued or served, but defendant on March 12, 1909, filed its appearance. May 17, 1909, a declaration consisting of one count was filed. To this defendant interposed a general and special demurrer. On October 18, 1910, an amended declaration which consisted of one count was filed. October 28th the defendant filed a general and special demurrer. On February 10, 1913, plaintiff filed a second amended declaration consisting of two counts. February 14th following, defendant again filed a general and special demurrer. March 8, 1913, defendant filed a plea of the general issue to the second amended declaration. There was also filed at the same time two pleas setting up the statute of limitations as a bar. The first averred that the cause of action did not accrue within one year next preceding the filing of the second amended declaration; the second that the cause of action did not accrue to the plaintiff within one year next preceding the appearance of the defendant. March 18, 1913, plaintiff filed a *similiter* to the plea of the general issue and demurred to the other two pleas. Two days later, March 20th, the demurrers were sustained and defendant elected to stand by its pleas of the statute of limitations. On April 28, 1913, upon stipulation of the parties, the cause, which was on the trial call of that day, was set for trial May 12th. The record as to subsequent events is very incomplete and unsatisfactory, but it seems to be agreed that the case was on Judge Cooper's trial call in March, 1914, and on the day it was set for trial the defendant moved for leave to file a plea of the statute of limitations, which was denied. The case was then tried and after verdict a new trial was granted. Thereafter April 8, 1914, the defendant made a motion in writing before Judge Goodwin, asking leave to file "an additional plea" of the statute of limitations. The proffered plea was submitted and it set up that

the cause of action did not accrue within one year next preceding the commencement of the suit. The motion for leave to file the plea was denied. Thereupon defendant moved for leave "To amend the second plea of the defendant heretofore filed" and tendered what was said to be such amended plea. An examination, however, discloses that the so-called amended plea was identical with the plea tendered which the court had just previously denied defendant leave to file. This second motion was also denied. Some months afterwards the case came on for trial before Judge Brentano, and on the morning of the trial the defendant again moved the court for leave to file a plea of the statute of limitations, which was denied. There was a trial and afterwards a new trial was granted, and on November 13, 1916, the trial of the case was commenced before Judge Kavanagh, and again on the morning of the trial defendant moved for leave to file an additional plea of the statute of limitations, which was denied.

No complaint is made of the ruling of Judges Cooper, Brentano or Kavanagh, denying defendant's motions for leave to file the pleas of the statute of limitations, for the reason that the motions before these judges were not made until the case was reached on the trial call; but complaint is made of the ruling of Judge Goodwin, on the ground that when this motion was made the case was not on the trial call, and was not tried for some months afterwards. At the time the motion was made before Judge Goodwin, a new trial had been granted, and therefore the case was subject to trial at any time. No showing was made at that time that the case would not be tried for several months, and for aught that appears it might be called for trial at any time. Furthermore, the case had been pending in court for years and no showing was made or attempted to be made as to why the pleas had not been filed long before, and where such motion

is made long after the time for pleading has expired, it is discretionary with the court whether leave will be granted to file additional pleas, and in the absence of any showing why pleas had not been filed, we cannot say that the court abused its discretion. *Wilson v. Wilson,* 125 Ill. App. 385, and cases there cited. In any event the complaint now made was waived on two occasions: First, when defendant learned the case was on Judge Brentano's calendar; and, second, when it subsequently learned it was on the calendar of Judge Kavanagh. We must assume, in the absence of any showing to the contrary, that on each of these occasions the defendant knew for some time prior to the actual commencement of the trial that the case would be called by the two judges last mentioned, and, as soon as this knowledge was brought home to defendant, the motion for leave to file the plea should have been made, and not deferred as it was until the case was actually called for trial. It was the duty of Judge Brentano and Judge Kavanagh to correct the error, if any, made by Judge Goodwin (*Fort Dearborn Lodge v. Klein,* 115 Ill. 177; *Campbell v. Powers,* 139 Ill. 128), and if the motion for leave to file the plea had been presented in apt time, and a proper showing made, such leave would undoubtedly have been granted. But if the court had denied the motion, the point would have been saved for our consideration.

The defendant contends that the verdict is against the manifest weight of the evidence, in that the deceased was guilty of contributory negligence, and that the defendant was not guilty of the negligence which proximately caused his death. The evidence shows that defendant operated a double track railway in Wentworth avenue, Chicago. This street runs north and south and is intersected at right angles by West Sixtieth street. The roadway of Wentworth avenue is 51 feet and 9 inches in width, and Sixtieth street is 37 feet wide. On the east side of Wentworth avenue

about 75 feet south of Sixtieth street there was a vacant piece of ground, where a number of small boys were playing football. The number is variously given by the witnesses from 35 to 150. The game seems to have ended in an argument and some of the boys had come out into Wentworth avenue and some had crossed over. They were from 10 to 15 years old. The deceased went northward to the southeast corner of the street intersection, and then proceeded on a "dog trot" in a northwesterly direction. A northbound car was approaching from the south and a southbound car from the north. The cars passed each other about the middle of Sixtieth street. The deceased, when he reached the east rail of the northbound track, suddenly discovered his peril and tried to throw himself backward or to the east, but the car passed over his legs, and from the effects of the injury he died the next day.

The theory of the plaintiff was that the northbound car was being operated at a high and dangerous rate of speed, and that no gong or bell was sounded. The theory of the defendant was that the car was under proper control; that the gong was sounded, but the deceased unexpectedly ran in front of the car and so close to it that it was impossible to have stopped the car in time to avoid the injury. The evidence tends to show that a great many of the boys who were playing or watching the game had gone out into Wentworth avenue, and were in the vicinity of the street crossing at the time the car was approaching from the south, and that the car was going at the rate of 12 to 18 miles per hour. The motorman testified that he sounded the gong. On the other hand, a number of witnesses testified, who were near the place of the accident, that they heard no gong. There was a conflict in the testimony as to the distance the car was from the boy when he reached the track. There was also a conflict as to the number of boys and as to how many were

in the street. There is no dispute that the two cars passed about the middle of Sixtieth street, approximately the point where deceased was injured. We have carefully considered all the evidence in the record, and when all the surrounding circumstances are considered, we think the verdict of the jury should not be disturbed.

Complaint is made of the ruling of the court in permitting witnesses to testify as to the speed of the car, and in permitting counsel for plaintiff to cross-examine his own witnesses. We have examined these questions, and think the objections are hypercritical and without merit.

It is also urged that it was error to permit a shorthand reporter, who was present at the coroner's inquest and took down the testimony of the witnesses, to testify from his notes, for the purpose of impeaching the motorman who testified before the coroner and on the trial, and it was sought to show that the motorman's testimony given on the trial was different from that given before the coroner. It is argued that the office of coroner is a public office, created by law; that the law requires the coroner to keep official records of the testimony of witnesses taken at inquests and file the same in his office, and that these records are the best evidence of what the witnesses testified at the inquest. In support of this the case of *Overtoom v. Chicago & E. I. R. Co.*, 181 Ill. 323, is cited. In that case it was held error to permit a stenographer who took shorthand notes at the coroner's inquest to read from his notes the testimony of a witness given before the coroner to impeach the testimony of the same witness given on the trial, and in passing on the point now under consideration the court said (329): "The testimony of Silverman was taken by the coroner, and, as the statute required it, we will presume it was written out and signed by the witness and filed and preserved in the office of the coroner. (Rev. St. ch.

31, sec. 18, J. & A. ¶ 2409.)  Had his deposition thus taken been produced and Silverman's attention properly directed to it, it could have been used to contradict him." Section 18, ch. 31, Rev. St. (J. & A. ¶ 2409), provides: "The coroner shall cause the testimony of each witness who may be sworn and examined at any inquest to be written out and signed by said witness. * * * *Provided* the coroner may cause the testimony of such witnesses to be taken in shorthand minutes and transcribed by a competent person, who shall certify that the transcript of the evidence so taken and transcribed by him is a true and correct copy of the original minutes taken at said inquest and is a true and correct statement of the testimony of each of the several witnesses who have testified at said inquest. Which said transcript shall be filed and carefully preserved in the office of the coroner." In 2 Wigmore on Evidence, sec. 329, the author says that where the law imposes on the coroner the duty of making a written report of the testimony given before him, this report is preferred testimony to be used in preference to any other, unless the report is lost, or otherwise inaccessible; and in section 1349 the same author says that while the evidence taken before the coroner is preferred testimony, it is not conclusive. We think the *Overtoom* case is in point, although a contrary rule seems to have been stated in the case of *Briggs v. People*, 219 Ill. 330, and *Brunhild v. Chicago Union Traction Co.*, 144 Ill. App. 198. See also, *Chicago City Ry. Co. v. McLaughlin*, 146 Ill. 353. But in any view of the case, we think the error, if any, is not of sufficient gravity to warrant a reversal of the case.

Objection is made to the giving of instructions Nos. 4, 6, 7 and 8, submitted by plaintiff. Instruction No. 4 told the jury that if the deceased, while in the exercise of ordinary care, lost his life through the negligence of the defendant as alleged in the declaration, or any

count thereof, and left him surviving next of kin, they should find for the plaintiff. It is argued that this instruction was wrong unless a recovery could be sustained under each count of the declaration, and the defendant's position is that no recovery could be had "for the negligence charged in the second count of the second amended declaration," because "the cause of action laid in that count was barred by the statute of limitations," since it set up a new cause of action from that originally declared upon. As heretofore stated, the court had sustained a demurrer to the plea of the statute of limitations, so that the plea was out of the case. The argument is beside the question —a plain *non sequitur*. On page 6 of defendant's brief the points which it relies upon for a reversal are set out; also this same point is set out in its brief, but nowhere is it urged that the court erred in sustaining the demurrer to defendant's plea of the statute of limitations. What we have said disposes of the contention in reference to instruction No. 6.

Instruction No. 7 told the jury, in determining the question of the preponderance of the evidence, they should take into consideration, among other things, the interest or lack of interest of the witnesses in the result of the suit. It is said that this was erroneous, for the reason that as no witnesses having any interest testified on behalf of the plaintiff, the instruction could only apply to the employees who testified on behalf of the defendant. The instruction is not limited to the testimony of the witnesses as to how the accident happened, but is general, and it might as well apply to the witnesses who testified for the plaintiff as to those who testified on behalf of the defendant. Furthermore, the court gave an instruction submitted by defendant which told the jury that they were the judges of the credibility of the witnesses, but that they had no right to disregard the testimony

of an unimpeached witness sworn on behalf of the defendant, simply because he was an employee of the defendant. We think there was no error in the instruction. It is argued that instruction No. 8 is erroneous in that it limited the time in which the deceased was required to exercise due care for his own safety to the time and place he received the injuries. We think the instruction was not misleading (*Chicago & A: R. Co. v. Corson,* 198 Ill. 98) and is not subject to the objection made. The facts in the case at bar are not at all similar to the facts in *Krieger v. Aurora, E. & C. R. Co.,* 242 Ill. 544.

We have considered the other points made by the defendant, but think none of them have substantial merit.

The judgment of the Superior Court of Cook county is affirmed.

*Affirmed.*